UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY BROCK                                                    CIVIL ACTION

VERSUS                                                         NO. 06-2587

JACK A. STEVENSON                                              SECTION: "N"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Danny Brock, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against St. Bernard Parish Sheriff Jack A. Stephens, incorrectly identified in the complaint as "Jack A. Stevenson," regarding the conditions of plaintiff's confinement in the immediate aftermath of Hurricane Katrina.

By Order dated September 27, 2006, plaintiff was notified that a preliminary conference was scheduled in person before the undersigned United States Magistrate Judge on October 26, 2006, at 2:30 p.m. The purpose of that conference was to determine whether all parties would consent to proceed to trial pursuant to 28 U.S.C. § 636(c) and to select a trial date, if appropriate. In that minute entry, plaintiff was expressly warned that his failure to appear and participate in the conference would result in the issuance of a recommendation his claims be dismissed for failure to prosecute. Rec. Doc. 11. Despite that warning, plaintiff failed to appear for the conference or to

otherwise contact the Court regarding the conference;[1] therefore, the conference could not be held. Because plaintiff's failure to appear prevents this Court from advancing this case on its docket, the undersigned recommends that plaintiff's complaint be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff failed to appear as ordered for the preliminary conference in this matter. Due solely to plaintiff's failure, this Court is unable to advance his case on the docket.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

---

[1] Defense counsel appeared for the conference as ordered.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____26th____ day of October, 2006.

                                               **DANIEL E. KNOWLES, III**
                                               **UNITED STATES MAGISTRATE JUDGE**